IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONELLE PARKER,<br><br>Defendant. | CR 15-02-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Defendant Donelle Parker (Parker) has been accused of violating the conditions of her supervised release by using methamphetamine. Parker has admitted the violation. Parker's supervised release should be revoked. Parker should be placed in custody for a term of time served, followed by supervised release until June 30, 2019.

## II. Status

Parker pleaded guilty to Robbery on April 14, 2015. (Doc. 88). The Court sentenced Parker to 18 months of custody, followed by 2 years of supervised release. (Doc. 131). Parker's term of supervised release began on

December 16, 2016.  (Doc. 156 at 1).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Parker's supervised release on April 25, 2018.  (Doc. 156).  The Petition alleges that Parker violated the conditions of her supervised release by using methamphetamine.  United States District Judge Brian Morris issued a warrant for Parker's arrest on April 25, 2018.  (Doc. 157).

**Initial appearance**

Parker appeared before the undersigned for her initial appearance on     May 17, 2018.  Parker was represented by R. Hank Branom, Esq.  Parker stated that she had read the petition and that she understood the allegations.  Parker waived her right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 5, 2018.  Parker  admitted that she had violated the conditions of his supervised release by using methamphetamine.  The Court continued the disposition phase of the revocation hearing 90 days to enable Parker to participate in an outpatient substance abuse treatment program.  The Court conducted the disposition phase of the Parker's

revocation hearing on September 4, 2018.

Parker's violation is a Grade C violation. Parker's criminal history category is I. Parker's underlying offense is a Class C felony. Parker could be incarcerated for up to 24 months. She could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

The Court proposed a custodial sentence of time served, followed by supervised release until June 30, 2019. Both parties agreed that the Court's proposed sentence was reasonable.

### III.  Analysis

Parker's supervised release should be revoked. Parker should be incarcerated for a term of time served, followed by supervised release until June 30, 2019. This sentence is sufficient but not greater than necessary. The supervised release conditions imposed previously should be continued.

### IV.  Conclusion

The Court informed Parker that the above sentence would be recommended to Judge Morris. The Court also informed Parker of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Parker that Judge Morris would consider a timely objection before

making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>Donelle Parker violated the conditions of her supervised release by using methamphetamine.

The Court **RECOMMENDS:**

>>The District Court should revoke Parker's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of time served, followed by supervised release until June 30, 2019.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may

waive the right to appear and allocute before a district judge.

Dated the 5th day of September, 2018.

_____
John Johnston
United States Magistrate Judge